**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.:**

**KYLE BOLDEN,**
**an Individual,**

**Plaintiff,**

**v.**

**KNIGHT GLOBAL ENTERTAINMENT LLC**
**d/b/a SHISO CRISPY,**
**a Florida Limited Liability Company,**

**Defendant.**
_____________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, **KYLE BOLDEN** ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, **KNIGHT GLOBAL ENTERTAINMENT LLC d/b/a SHISO CRISPY** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), and for violation of Florida's Workers' Compensation Retaliation statute ("WCRS") at Section 440.205, Florida Statutes, to recover from Defendant

back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant is a Florida Limited Liability Company that is located and does business in Pinellas County, Florida, and is therefore within the jurisdiction of the Court.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pinellas County, Florida.

5. Plaintiff worked for Defendant in Pinellas County, Florida, and this venue is therefore proper.

6. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

7. This Court also has supplemental jurisdiction over Plaintiff's FCRA and WCRS claims, as they arise out of the same operative facts and circumstances as his ADA claims.

8. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant

9. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

10. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

11. Defendant was at all times an "employer" as envisioned by the WCRS.

**<u>CONDITIONS PRECEDENT</u>**

12. On or around February 12, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. On or around July 13, 2026, Plaintiff received a Notice of Right to Sue against Defendant from the EEOC, giving Plaintiff the right to bring a civil action on his federal discrimination claims within 90 days of his receipt of the same.

14. On or around August 31, 2026, Plaintiff received a Notice of State Rights to Sue against Defendant from the FCHR, giving Plaintiff the right to bring a civil action on his state discrimination claims within one year of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of

limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for Defendant as a Cook and Security Guard from September 9, 2025, until his termination on November 5, 2025.

18. During his tenure Plaintiff was an excellent employee, and had no significant history of non-medical attendance, disciplinary, or performance issues.

19. Unfortunately, on October 31, 2025, Plaintiff injured himself while working on behalf of Defendant.

20. That day, Defendant management requested that Plaintiff break down ice using a 7-foot axe, due to a breakdown of the facility's ice machine.

21. After hours of breaking down ice, Plaintiff noticed a strain in his back, but felt strong enough to continue working.

22. On November 4, 2025, while working his scheduled shift, Plaintiff was lifting a heavy box of raw beef when his back suddenly gave out, and he became unable to bend at all without extreme pain.

23. Plaintiff informed his Manager, Steve, of the injury and resulting limitations that prevented him from completing his shift, and requested to go to the hospital for his injury.

24. As a result, after securing his replacement, Plaintiff contacted his girlfriend to pick him up and take him to the hospital for immediate treatment, all with the consent of Defendant management.

25. At the hospital, Plaintiff underwent a CAT scan, where he was diagnosed with bulging discs.

26. The very next day, Defendant manager, Kyle, sent Plaintiff a text message stating that he was terminated, effective immediately, due to allegedly "poor performance."

27. Plaintiff was never written up, reprimanded, or even notified of poor performance.

28. It is clear that Defendant terminated Plaintiff because he suffered a disability/perceived disability, and required reasonable, non-burdensome accommodation for same, and because Defendant reported an injury that would be subject to worker's compensation.

29. Any other "reason" theorized after the fact by Defendant or its attorneys for Defendant's termination of Plaintiff's employment is pure pretext.

30. Defendant retaliated against Plaintiff after he reported a workplace injury which would have been eligible for worker's compensation, in violation of the WCRS.

31. The close temporal proximity between Plaintiff's objections to Defendant's violation of law and the adverse employment action taken against him establishes a causal link between Plaintiff's protected activity and Defendant's retaliatory acts.

32. Plaintiff is an individual with a disability who, with or without reasonable accommodation, was fully capable of performing the essential functions of his job.

33. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and his need for accommodation under the ADA/FCRA.

34. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

35. The timing of Plaintiff's termination makes the causal connection between his disability disclosure and request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

36. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

37. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

38. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment; therefore, he is protected class member as envisioned by the ADA and the FCRA.

39. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

40. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

41. Defendant did not have a good faith basis for its actions.

42. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

43. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

44. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8, 10, 12 through 13, 15 through 29, 32 through 34, 36 through 38, 41, and 43 through 44, above.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

47. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

48. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the ADA.

49. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

51. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

52. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

53. Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 8, 10, 12, 14 through 29, 32 through 34, 36 through 38, 41, and 43 through 44, above.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

56. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the FCRA.

59. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

61. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY**

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 9 through 10, 12 through 13, 15 through 29, 32, 35, 37, and 41 through 44, above.

63. Plaintiff was terminated within close temporal proximity of his request

for reasonable accommodation.

64. Plaintiff's request for time off to attend to his injury is a request for reasonable accommodation, which constitutes protected activity under the ADA.

65. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

66. Plaintiff's protected activity, and his termination, are causally related.

67. Defendant's stated reasons for Plaintiff's termination are a pretext.

68. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

70. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

71. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 9 through 10, 12, 14 through 29, 32, 35, 37, and 41 through 44, above.

73. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodation.

74. Plaintiff's request for time off to attend to his injury is a request for reasonable accommodation, which constitutes protected activity under the ADA.

75. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

76. Plaintiff's protected activity, and his termination, are causally related.

77. Defendant's stated reasons for Plaintiff's termination are a pretext.

78. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

80. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

81. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V: RETALIATION IN VIOLATION OF WCRS

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 11, 17 through 24, 26 through 30, and 41 through 44, above.

83. Plaintiff engaged in protected activity when he reported his workplace

injury and sought medical treatment.

84. Defendant terminated Plaintiff from his employment in violation of the WCRS.

85. Plaintiff was retaliated and terminated in violation of the WCRS for notifying Defendant about his work-related injury and requiring medical treatment.

86. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, declaratory and injunctive relief and such other relief deemed proper by this Court.

***(Remainder of page left intentionally blank)***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 8th day of October, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***

Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com
Attorneys for Plaintiff